UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:13-cr-532-CEH-TGW

PAUL CLOSE
_____

**O R D E R**

This matter comes before the Court on Defendant Paul Close's Motion to Reduce Sentence (Doc. 178) and Motion for Compassionate Release (Doc. 189). Proceeding *pro se*, Close seeks a sentence reduction or other relief based on an intervening change in the law. The Government has responded in opposition to both motions (Docs. 183, 191).

Upon review and full consideration, and being duly advised in the premises, the Court finds that the motions are due to be denied.

**I.  Background**

On September 4, 2014, Close was sentenced to a term of 188 months' incarceration, following his guilty plea to conspiracy to possess with intent to distribute cocaine. Doc. 155. He later filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the Court denied because it was time-barred and binding Eleventh Circuit caselaw foreclosed his claim. *See* Case No. 8:16-cv-1754-CEH-TGW, Doc. 5. Now 40

years old, he is serving his term of incarceration at F.C.I. Allenwood. The Bureau of Prisons estimates he will be released in 2028.

In Close's first motion, he explains that he was sentenced as a career offender under Guidelines §§ 4B1.1(a) and 4B1.2(a) based on prior burglary convictions. Doc. 178. Under new laws, however, burglary is no longer a crime of violence that can render a defendant a career offender. *Id.* Because Close is labeled a career offender, however, he is ineligible for relief under the First Step Act. *Id.* He therefore asks the Court to "help…in any way you can." *Id.*

In response, the Government argues that the amendment that changed the Guidelines' definition of "crime of violence" was not made retroactive, and that the Court therefore lacks authority to reduce Close's sentence. Doc. 183.

Close has also filed a motion for compassionate release. Doc. 189. In this motion, he again points out that he would not be considered a career offender if he were sentenced under the current laws, resulting in an enormous difference in the sentence he would receive. *Id.* at 2-3. He argues that he has served more than ten years of an unusually long sentence. *Id.* at 3. Close also states that he has undergone rehabilitation and maintained ties with his supportive family. *Id.* He contends that the sentencing factors under 18 U.S.C. § 3553(a) support a sentence reduction. *Id.* at 4. Finally, Close provides evidence that he exhausted his administrative remedies by sending a request for compassionate release to the warden more than 30 days before filing his motion. *Id.* at 6.

The Government opposes compassionate release. Doc. 191. It argues that he has not satisfied the requirements of the extraordinary and compelling reason of an unusually long sentence, because there is not a gross disparity between his sentence and the one he would receive under the current law. *Id.* at 6. Specifically, the Government contends that the 188 months he received is within the Guidelines range of 151 to 188 months that he would receive if he were sentenced today, and is not grossly disparate in light of his criminal history and the nature of his offense. *Id.* The Government also argues at length that the Sentencing Commission exceeded its authority in amending the Guidelines to include the unusually long sentence provision. *Id.* at 6-20. In any event, the Government contends that Close's disciplinary history demonstrates that he is a danger to the community and that he has not been rehabilitated. *Id.* at 20-21. His significant criminal history, much of which occurred while under supervision, further demonstrates that the § 3553(a) factors weigh against his release. *Id.* at 21-22.

## II.    Legal Standard

In general, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Nonetheless, the court may grant compassionate release if the following conditions are met:

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

>>defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>>>(i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>>(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). The court may also consider a sentence reduction where the defendant was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered, provided that change was retroactive. *Id.* § 3582(c)(2).

"Extraordinary and compelling reasons" that warrant compassionate release under § 3582(c)(1)(A) are exclusively defined by the United States Sentencing Guidelines. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Pursuant to an amendment that became effective on November 1, 2023, U.S.S.G. § 1B1.13(b) lists the following extraordinary and compelling reasons:

>(1) Medical circumstances
>(2) Age
>(3) Family circumstances
>(4) Victim of abuse
>(5) Other reasons

4

(6) Unusually long sentence.

U.S.S.G. § 1B1.13(b). The amended Guidelines define each of these reasons. *Id.*

If the Court finds that one of the circumstances listed in 18 U.S.C. § 3582(c)(1)(A) or § 3582(c)(2) is present, it must consider all applicable factors listed in 18 U.S.C. § 3553(a) before it may reduce a defendant's sentence.[1] *See* § 3582(c)(1)(A); *but see United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021) ("[A] district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

### III. Discussion

As a threshold matter, the Government concedes that Close has exhausted his administrative remedies. Doc. 191 at 4. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies or 'the lapse of 30 days from the receipt of

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original), quoting 18 U.S.C. § 3582(c)(1)(A). Close has satisfied this requirement by sending a request to the warden more than 30 days before filing the instant motion.

Turning to the merits, Close argues in his second motion that compassionate release is warranted under the extraordinary and compelling reason of "unusually long sentence." Doc. 189. This reason is defined as follows:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Here, Close has served more than 10 years of his sentence, and a change in the law has lowered the Guidelines range he would face if he were sentenced today. As the Government acknowledged in its response to his first motion, Amendment 798 to the Sentencing Guidelines, which became effective on August 1, 2016, changed the career offender provisions such that Close's burglary convictions would no longer render him a career offender under the current Guidelines. Specifically, the amendment "remov[ed] burglary of a dwelling from Guidelines § 4B1.2(a)(2)'s

6

enumerated offenses and eliminat[ed] § 4B1.2(a)(2)'s residual clause defining a 'crime of violence.'" *United States v. Pryor*, 824 F. App'x 652, 655 (11th Cir. 2020).

Close and the Government dispute whether this change in the law produces a gross disparity between Close's current sentence and the sentence that would be imposed today. However, the Court need not resolve that question. Because Amendment 798 was not retroactive, it is expressly excluded from the "unusually long sentence" extraordinary and compelling reason in § 1B1.13(b)(6).[2] Amendment 798 is not listed in Guidelines § 1B1.10(d) as one of the retroactively applicable amendments that a court may apply to reduce an imposed term of imprisonment. *See United States v. Baxter*, No. 17-12732-DD, 2018 WL 11337427, *1 (11th Cir. May 17, 2018) (citing U.S.S.G. § 1B1.10(d) and concluding defendant could not receive a sentence reduction under Amendment 798). Moreover, the Eleventh Circuit held in a published opinion that Amendment 798 was not a clarifying amendment, and therefore did not apply retroactively. *United States v. Martin*, 864 F.3d 1281, 1283 (11th Cir. 2017). In *United States v. Pryor*, 824 F. App'x at 655, the court relied on *Martin* to conclude that Amendment 798 did not provide retroactive relief to a defendant whose burglary convictions had made him a career offender before the amendment went into effect. Here, too, the Court is bound by *Martin* and U.S.S.G. § 1B1.10 to conclude that Amendment 798 is not retroactive. Because this change in the law is "an

---

[2] Similarly, the Court need not, and does not, reach the Government's arguments regarding the lawfulness of the Sentencing Commission's actions in including this extraordinary and compelling reason.

amendment to the Guidelines Manual that has not been made retroactive," it cannot establish the extraordinary and compelling reason of "unusually long sentence" under § 1B1.13(b)(6).

Outside of the "unusually long sentence" reason under subsection (b)(6), the Guidelines prohibit the Court from considering a change in the law for the purpose of determining whether an extraordinary and compelling reason for compassionate release exists. *Id.* § 1B1.13(c). The Court may only consider such a change if the defendant has otherwise established that extraordinary and compelling reasons warrant a reduction. *Id.* But Close has not identified any other extraordinary and compelling reasons that might warrant compassionate release. Although he refers to rehabilitation, a defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason[.]" *Id.* § 1B1.13(d). Nor has Close alleged the extraordinary and compelling reasons of "medical circumstances," "age," "family circumstances," or "victim of abuse." *See id.* § 1B1.13(b). He is therefore not eligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Moreover, Close has not identified a basis for a sentence reduction under any other provision. His first motion asks the Court for any relief that may be available based on the change in the law. Doc. 178. The Court broadly construes this request considering his *pro se* status. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nonetheless, the Court's ability to modify a sentence that has already been imposed is limited. *See* 18 U.S.C. § 3582(c). This is particularly true where a subsequent change in the law was not made retroactive, as in Close's case. Although 18 U.S.C. § 3583(c)(2) provides

8

a procedure for reducing a sentence based on a subsequent change in the law, it applies only to retroactive changes. *See Dillon v. United States*, 560 U.S. 817, 824, 826 (2010); U.S.S.G. § 1B1.10(b)(2)(A) ("A reduction in the defendant's term of imprisonment…is not authorized under 18 U.S.C. § 3582(c)(2) if…none of the amendments listed in subsection (d) is applicable to the defendant"); *id.* § 1B1(d) (listing covered amendments, which do not include Amendment 782). Therefore, the Court is not empowered to reduce Close's sentence based upon the change in the law.

At Close's sentencing, the Court expressed concern over his significant criminal history and the fact that he had already served time in prison before committing the instant offense. Doc. 168 at 18. The Court stated, "I am hopeful that the sentence that I impose today will get your attention. I believe that you can be a productive member of society. You're still young enough that when you are released from custody, you can come out and…become gainfully employed." *Id.* Close's recent disciplinary history suggests he may still be struggling with substance use. Doc. 191-1. He explains in his second motion that he has not yet been able to participate in the prison drug program because of COVID-19 lockdowns and staff shortages. Doc. 198 at 3. He also writes, however, that he has progressed to lower security and has made other efforts to better himself through rehabilitation, and that he has maintained the support of his loving family. *Id.* The Court applauds these efforts and encourages him to continue them so that he may fulfill his pledge of becoming "a positive and productive law-abiding citizen," "an asset to society," and a "provider and role model" for his son when he is released. *Id.*

Accordingly, it is **ORDERED**:

1. Close's motion to reduce sentence (Doc. 178) is denied.

2. Close's motion for compassionate release (Doc. 189) is denied.

**DONE AND ORDERED** in Tampa, Florida on January 31, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Paul Close